## 32890. SIRMANS *v.* THE STATE.

DECIDED FEBRUARY 24, 1950.

*L. J. Courson, H. W. Nelson, W. Edward Andrews, James K. Rankin,* for plaintiff in error.

*Edward Parrish, Solicitor-General, J. P. Knight,* contra.

TOWNSEND, J. (After stating the foregoing facts.) It appears from the undisputed evidence that two adjoining landowners used identical marks for their cattle; that the cattle bearing this mark were rounded up by the defendant and identified by his employer as his own cattle (or his wife's cattle) and by him sold and that the defendant received a not unreasonable sum for the work he did in rounding up the cows and helping to take them to the market. As stated in *Glaze* v. *State,* 2 *Ga. App.* 704 (58 S. E. 1126): "The intention is always a material element in the offense of larceny; in this case it is especially material, in view of the fact that the taking was admitted, and the defendant's only defense was that there was no intention to steal." This principle of law applies to the instant case, and, where the facts are not in dispute, and where the evidence is at least equally as consistent with the innocence of the defendant as with his guilt, no other facts appearing from which the intent to steal may be inferred, the State has failed to prove one of the essential ingredients of the crime, the intent or animus furandi. On the trial of a defendant charged with the offense of larceny, the evidence must be such that the intent to steal may be inferred therefrom. The evidence in the instant case was sufficient to authorize the jury to find that the defendant took cattle belonging to the prosecutor, but the circumstances under which he took them are fully as consistent with innocence as with guilt, and, therefore, not sufficient to exclude every reasonable hypothesis save that of the guilt of the accused. See *Hixon* v. *State,* 38 *Ga. App.* 36 (supra).

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*